676 So.2d 87 (1996)
Clyde STEWART
v.
STATE of Louisiana.
No. 95-KP-2385.
Supreme Court of Louisiana.
July 2, 1996.
Laurie A. White, Anne T. Turissini, for Applicant.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Jack Peebles, Asst. Dist. Atty., for Respondent.
BLEICH, Justice.[*]
In State v. Hattaway, 621 So.2d 796 (La.1993), this court determined that the right to counsel guaranteed by Louisiana Constitution Article I, § 13 attaches no later than the first court appearance or judicial hearing, rather than at the time of indictment as previously understood. Petitioner, Stewart, raises this issue in his application for post-conviction relief. We are now called upon to decide whether this rule applies retroactively to physical lineup identification proceedings conducted without benefit of counsel after the defendant's first court appearance and appointment of counsel but prior to indictment. We hold that it does not.
On October 14, 1977, Anthony Alexander and Anthony Green were walking home together when they were stopped by two men in an automobile and ordered into the car at gunpoint. They were robbed and driven to East New Orleans, where Green was forced to lie on the ground for between 10 and 30 minutes. He was then told to get back into the car, and Alexander was ordered out of the car. A fight ensued between Alexander and the passenger who dropped the gun he was holding. Green and the driver scrambled out of the car, and the driver succeeded in retrieving the fallen pistol. Green was *88 shot while fleeing. He heard three gunshots, and when he returned to the scene found Alexander dead of gunshot wounds.
That night, police showed Green mugshots, but Green was unable to identify either of the two assailants. Thirteen months later, police informed Green that they had a suspect and summoned him to the station to view a photographic lineup. According to Green, he examined the photographs for 1-2 hours before identifying the defendant, Clyde Stewart, as the passenger/assailant. Stewart was subsequently arrested for first degree murder.
On December 7, 1978, Stewart made his first judicial appearance pursuant to Louisiana Code of Criminal Procedure Article 230.1 as a suspect in the murder of Anthony Alexander. He was appointed counsel at that time. On December 19, 1978, a six-person physical lineup was conducted at the police station. Stewart requested the presence of counsel and police asked the public defender's office to send an attorney to the station. The attorney did not show up, and police proceeded with the lineup. Green again identified Stewart as the perpetrator. Defendant was subsequently indicted by the grand jury for first degree murder. His first trial for first degree murder ended in a hung jury. He was tried again and ultimately convicted of second degree murder. He was sentenced to mandatory life imprisonment. The conviction and sentence were affirmed. State v. Stewart, 389 So.2d 1321 (La.1980). Stewart now urges application of the Hattaway rule via this request for post-conviction relief. Stewart has served more than seventeen years in the penitentiary.
In Hattaway, supra, this court decided that a defendant has the right to an attorney "after the initiation of adverse judicial criminal proceedings and the appointment of counsel to assist the defendant, ... at any confrontation caused by the state that creates potential substantial prejudice to his right to a meaningful defense or a fair trial, if the help of a lawyer would serve to avoid or reduce that prejudice." Id. at 798. Earlier cases had held that the right to counsel does not attach until the time of indictment, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), but Hattaway relied upon a wealth of later Supreme Court jurisprudence to extend this constitutional guarantee to the time of a defendant's first court appearance.[1] Stewart's lineup identification occurred between his initial court appearance and indictment. He now contends that he should receive the benefit of Hattaway even though his conviction became final before Hattaway was decided.
The general rule is that new precepts of law are not to be applied retroactively. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); State ex rel. Taylor v. Whitley, 606 So.2d 1292 (La.1992) (adopting the rule and reasoning of Teague for Louisiana courts).[2] However, there are two exceptions to this principle. First, a new rule should be retroactively applied "if it places `certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" Teague, 489 U.S., at 311, 109 S.Ct., at 1075, quoting Mackey v. United States, 401 U.S. 667, 692, 91 S.Ct. 1171, 1180, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring). This exception is not at issue here.
The second exception to the rule of nonretroactivity is "to be reserved for watershed rules of criminal procedure." Teague, 489 U.S., at 311, 109 S.Ct., at 1076. As described by Justice Harlan, "in some situations it might be that time and growth in social capacity, as well as judicial perceptions *89 of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." Mackey, 401 U.S., at 693, 91 S.Ct., at 1180 (Harlan, J. concurring) (adopted by a majority in Teague, 489 U.S., at 311, 109 S.Ct., at 1076.) We conclude that the right to an attorney during a physical lineup after an initial court appearance is not such a "bedrock procedural element" that would require retroactive application.
In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court held that post-indictment lineup was a critical stage of prosecution at which the defendant was entitled to counsel. The Court found grave potential for prejudice at the lineup that could well be averted by the presence of counsel. 388 U.S., at 236, 87 S.Ct, at 1937. The Court noted that a suspect may not detect improper suggestive influences, and that even when he does observe any unfairness, his ability to effectively reconstruct and convince the jury of such abuse is minute without the assistance of an attorney who was present at the lineup. 388 U.S., at 230-231, 87 S.Ct., at 1934-1935. Even so, the Court chose not to make the rule established by Wade retroactive to convictions finalized before Wade was decided. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
Stovall was decided before Teague, and therefore relied on the earlier retroactivity jurisprudence of Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Linkletter outlined a three-prong test to determine whether a new rule should be applied retroactively: (a) the purpose to be served by the new law, (b) reliance by law enforcement authorities on the old standard, and (c) the effect of the retroactive application of the new rule on the effective administration of justice.
In Stovall, Justice Brennan remarked that "[t]he extent to which a condemned practice infects the integrity of the truth-determining process at trial is a `question of probabilities.'" 388 U.S., at 298, 87 S.Ct., at 1970. He concluded that the probability of injustice resulting from the lack of counsel at lineup is insufficient to outweigh the countervailing considerations of prior justified reliance on the earlier standard and the disruption of the administration of justice that would result from a retroactive application of the new Wade rule. 388 U.S., at 299-300, 87 S.Ct., at 1971.
Similarly, we conclude that the new rule of law announced by Hattaway should not be applied retroactively to police lineups conducted without benefit of counsel. The right to counsel at trial is indispensable to the fair administration of justice.[3] However, the need for counsel at an identification lineup, before the State has obtained an indictment and set its course on prosecution, is not such a "bedrock component" of the fair adjudication of a criminal case. It is neither so likely to result in prejudice, nor so damaging if it does. Moreover, the right remains with the defendant to prove unfairness depriving him of due process. Stewart has tried, and failed, to do so in this case. The new rule of Hattaway cannot now provide him relief.
The petition for post-conviction relief is DISMISSED.
JOHNSON, J., concurs in result.
LEMMON, J., concurs.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] Subsequently, in State v. Carter, 94-2859 (La. 11/27/95), 664 So.2d 367, 373, we overruled that portion of Hattaway dealing with waiver of the right to counsel. Because of this holding, we stated that we need not decide whether we were correct in Hattaway that an initial appearance under La.Code Crim.P. art. 230.1 marks the initiation of adversary judicial criminal proceedings. Likewise, given our holding in the instant case, we need not resolve this issue.
[2] The Teague opinion was based upon Justice Harlan's concurrence in Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971). Justice Harlan's influential opinion stated that it is "a matter of fundamental import that there be a visible end to the litigable aspect of the criminal process. Finality in the criminal law is an end which must always be kept in plain view." 401 U.S., at 690, 91 S.Ct., at 1179.
[3] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Gideon was cited by Justice Harlan in his Mackey concurrence as an example of the second exception to the rule of nonretroactivity.